## HANEY v OHIO CITY REFINERS ASSN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 8789. Decided Feb 28, 1929

Payer, Minshall, Karch & Kerr, Cleveland, for Haney.

Paul Howland, Cleveland, for Refiners Assn.

ROBERTS, J of the 7th Dist, and MIDDLE-TON, PJ and MAUCK, J of the 4th Dist sitting

MAUCK, J.

The question before us is whether in plaintiff's amended petition and his statement to the jury there is anything that precludes recovery by him. He pleads that at the time of his injury he had entered upon the premises where the defendants were maintaining a gasoline station, where he ordered five gallons of gasoline. He alleges that he was standing in front of the machine openly smoking a cigarette, as the defendants knew or in the exercise of ordinary care should have known, at such distance from the filling tank that if ordinary care were exercised there was no danger of the gasoline being ignited by his cigarette, but that the defendant wilfully brandished the filling hose toward the plaintiff, sprayed gasoline upon him, causing the plaintiff's lighted cigarette to ignite the same, and that as a result thereof the plaintiff sustained serious injuries. The defendant denied all negligence and pleaded the contributory negligence of the plaintiff. The amended petition has been held good upon demurrer, and properly so, inasmuch as it clearly charged a wilful tort as defined in **Vance vs Payne, 103 OS. 59.**

In the statement to the jury, the plaintiff first stated a case of wilful tort by reading his amended petition. He subsequently elaborated by detailing the particular acts upon which he was relying. He said that he had had his cigarette in his mouth at the time he drove into the station, that he took it from his mouth and held it in his left hand when the attendant at the station took the cushion off of the front seat of his Ford car for the purpose of running the gasoline into the tank under that seat; that after the attendant had finished instead of turning off the flow of gasoline the latter pulled the hose out of the tank with the gasoline still running, made a turn toward the plaintiff, with the result that the latter was sprayed with the gasoline and the gasoline ignited by the plaintiff's cigarette.

From this amended petition and this statement it is not clear whether in the plaintiff's elaboration of the facts he was still relying upon proving that the atten-dant wilfully turned the gasoline upon him or whether he claimed his turning the gasoline upon him of itself showed wilfulness. It is evident that if his claim was that the attendant wilfully sprayed him, no defense of contributory negligence was available to the defendants, and that the court erred in taking the case from the jury. If we adopt the other alternative, however, and say that his elaboration was a virtual abandonment of the claim of a wilful tort, unless the facts detailed show such wilfulness, we would of necessity conclude that no wilful tort was claimed because the detailed facts did not show a wilful act. In the latter case, that is if the claim of the plaintiff amounted to no more than negligence, the trial court was warranted in taking the case from the jury only in the event that the testimony showed as a matter of law that the plaintiff was guilty of contributory negligence. This is evidently the view of the trial court. In this we think that the court erred. There is no rule of law with which we are familiar that makes it negligence per se for one to have a lighted cigarette in the neighborhood of a filling station and within five or six feet of the filling tank, of an automobile being served, since according to plaintiff's petition and statement "he was then at such reasonable distance from the filling tank that in the exercise of ordinary care there was no danger of the gasoline being ignited from the cigarette." We must assume that this allegation of fact was susceptible of proof as we have no knowledge of its untruth as a scientific fact.

We are constrained to hold, therefore, that the trial court was without power to determine that the plaintiff was guilty of contributory negligence upon any theory upon which the case was being presented. The plaintiff claimed, and we must assume that it is true, that if the attendant at the station had turned his dripping nozzle to the left instead of to the right that no ignition would have ensued.

We are far from satisfied, however, that ignition could have ensued at all even in the way that plaintiff claims but that is a question of fact and not of law.

Middleton, PJ, and Roberts, J, concur.